RECEIVED
IN ALEXANDRIA, LA.

JAN 14 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LEONARD EVERY<br>D.O.C.#129353 | DOCKET NO. 09-cv-671; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| BOBBY JINDAL, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## MEMORANDUM ORDER

Before the court is the pro se civil rights complaint filed in forma pauperis by Plaintiff Leonard Every. Every is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DOC) and is housed at the Avoyelles Correctional Center (WCC) in Cottonport, Louisiana.

### Plaintiff's Allegations

According to his complaint, Plaintiff seeks damages for the denial of his constitutional right to access the courts. Plaintiff also demands that Defendants be prosecuted for their alleged wrongdoing. Named as defendants are: Governor Bobby Jindal, DOC Secretary James LeBlanc, Warden Lynn Cooper, Blaine Villemarette, Scott Gauthier, and Stacy Benjamin. Plaintiff complains that the defendants intentionally deprived him of his right of access to the courts when he filed a petition in the 19th Judicial District Court in April 2007, when he filed a petition in the 12th Judicial District Court in July 2007, when he filed a Motion to Compel in December 2007, and in April and September 2008 with regard to other

mailings.

Plaintiff alleges that on <u>April 11, 2007</u>, he submitted an inmate funds withdrawal request and was charged $5.84 for the postage and fees to mail a Petition via certified mail to the 19th Judicial District court. He states that he did not receive the green card confirming receipt of his petition. Plaintiff alleges that the defendants actually opened his mail and censored it. He claims they removed the second-step administrative response form from the envelope in order to prevent the 19th Judicial District Court from accepting Plaintiff's petition. Plaintiff claims that, on April 19, 2007, the defendants actually gave Plaintiff his legal mail back with a fake/forged note from the 19th JDC and they sent the green card back completely blank, without a post office stamp, "proving the legal mail never left Avoyelles Correctional Center...." [Doc. #1, p.5] Plaintiff also claims that his family contacted the clerk of court for the 19th JDC, who informed them that they had not received Plaintiff's petition.

Plaintiff alleges that on <u>July 9, 2007</u>, he filed a "four count tort claim" in the 12th Judicial District Court complaining about embezzlement scams being conducted at ACC. Plaintiff got another inmate to mail that lawsuit on his behalf. On July 24, 2007, the 12th JDC mailed an envelope containing a copy of the summons showing that the defendants had been served. However, <u>on July 25, 2007</u>, rather than giving the letter to Plaintiff, the defendants

2

wrongfully stamped the envelope "Return to Sender, Refused, Unable to Forward." [Doc. #1, p.6]

Plaintiff filed a motion to compel an answer from the defendants, and a Judge for the 12th JDC ordered the defendants to respond to the lawsuit by December 10, 2007. The defendants refused to let Plaintiff have a copy of the order that the Court had mailed to him. On March 10, 2008, Plaintiff requested a default judgment. On March 24, 2008, the attorney general filed a motion to vacate service of process and to stay the case. Plaintiff alleges that Lynn Cooper has refused to comply with a court order and is refusing to allow Plaintiff to access his money in order to pay his court costs. Defendants are also preventing Plaintiff from communicating with the 12th JDC; Plaintiff concludes that this is due to ACC and DOC "using state prison inmates to embezzle federal grant funds from the federal government." [Doc. #1, p.9]

On April 30, 2008, Plaintiff attempted to mail a petition to "the director of civil service" (not the Court) complaining about "nepotism" at ACC. He put another inmate's name on the return address because defendants were blocking all of Plaintiff's legal mail. On May 7, 2008, "the defendants sent the domestic return receipt (green card) back, and tried to make it seem as if the petition had been mailed out...." [Doc. #1, p.10] He alleges that what *really* happened was that Defendants opened the envelope and

realized it was actually Plaintiff's petition, so they never really mailed it. [Doc. #1, p.10]

On September 30, 2008, Plaintiff filled out an inmate funds withdrawal request for postage, and he was charged for postage. However, he alleges that his document was never actually mailed. [Doc. #1, p.14] On October 1, 2008, Defendants "sent plaintiff the domestic return receipt back, and tried to make it seem as if the legal mail had passed through the U.S. Mail System." [Doc. #1, p.14] There are no post office stamps on the receipt, and Plaintiff alleges that the defendants forged the name signed on the receipt.

Plaintiff claims that Governor Jindal conspired with the defendants to deny Plaintiff access to the courts. Plaintiff seeks to have criminal charges brought against Governor Jindal, James LeBlanc, Lynn Cooper, Blaine Villemarette, Scott Gauthier, and Stacy Benjamin. He also demands monetary damages for the denial of access to the courts, and reimbursement for all of the postage he paid for documents that were never actually mailed.

### Instructions to Amend Complaint

Plaintiff was ordered to amend his compliant and state whether his lawsuit was ever actually filed in the 19th JDC, what allegations were made in his 19th JDC lawsuit, what the outcome was of the 19th JDC lawsuit; and whether his lawsuit in the 12th JDC was ever actually filed, what allegations were made in the 12th JDC lawsuit, and what the outcome was of the 12th JDC lawsuit. **V**

**Plaintiff's amended complaint is still unclear as to these issues. Therefore Plaintiff is ordered to submit a copy of the petition filed in the 19th JDC, a copy of the petition filed in the 12th JDC, and copies of the orders from the Court that he received – only those that Plaintiff has not already submitted – including any judgments dismissing the 19th JDC suit or the 12th JDC suit.**

Additionally, the two lawsuits that Plaintiff attempted to file were purportedly mailed in 2007. It appears that Plaintiff's claims here may be prescribed. There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in §1983 claims. Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year. However, federal law is used to determine when a cause of action accrues. Id. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Vigman v. Community National Bank and Trust Co., 635 F.2d 455, 459 (5th Cir. 1981). Any claim arising out of the alleged denial of access to the court accrued on the date the access was denied: for example, April 2007, when he attempted to file suit in the 19th JDC.

However, equitable tolling principles apply to civil rights cases filed under 42 U.S.C. §1983. See Rotella v. Pederson, 144

F.3d 892, 897 (5th Cir. 1998). Thus, Plaintiff is entitled to equitable tolling for the time spent exhausting the DOC's administrative remedies as to each claim of denial of access to the courts. See <u>Clifford v. Gibbs</u>, 298 F.3d 328, 333 (5th Cir. 2002). **In order to determine whether Plaintiff's complaint was timely filed, Plaintiff should amend his complaint and submit a copy of his administrative remedies.**

Before this court determines the proper disposition of the claims, Plaintiff should be given the opportunity to remedy the deficiencies of his complaint, as specified herein. See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

**Accordingly, IT IS ORDERED that Plaintiff amend his complaint within thirty (30) days of the filing of this order to provide the specific information outlined above, and alternatively, dismiss those claims Plaintiff is unable to cure through amendment.**

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.**

THUS DONE AND SIGNED at Alexandria, Louisiana, this _13th_ day of _____, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE