RECEIVED
IN ALEXANDRIA, LA

APR - 8 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **LEONARD EVERY** | **DOCKET NO. 09-cv-671; SEC. P** |
| **D.O.C.#129353** | |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **BOBBY JINDAL, ET AL.** | **MAGISTRATE JUDGE JAMES D. KIRK** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* civil rights complaint filed
*in forma pauperis* by Plaintiff Leonard Every.  Every is an inmate
in the custody of the Louisiana Department of Public Safety and
Corrections (DOC) and he is incarcerated at the Avoyelles
Correctional Center (AVC) in Cottonport, Louisiana. He sued
Louisiana Governor Bobby Jindal, DOC Secretary James LeBlanc,
Warden Lynn Cooper, Colonel Blaine Villemarette (AVC's Mail Room
Supervisor), Sgt. Scott Gauthier, and Sgt. Stacy Benjamin (Mail
Room Employees).

Plaintiff complained that the defendants deprived him of his
right of access to the courts by intercepting or interfering with
his legal mail and thus hindering his ability to litigate two *pro
se* lawsuits he filed in the Nineteenth Judicial District Court in
April 2007, and in the Twelfth Judicial District Court in July
2007.

Plaintiff claims that Governor Jindal conspired with the
defendants to deny Plaintiff access to the courts.  Plaintiff

seeks to have criminal charges brought against Governor Jindal, Secretary LeBlanc, Warden Cooper, Col. Villemarette, Sgt. Gauthier, and Sgt. Benjamin.  He also demands monetary damages for the denial of access to the courts, and reimbursement for all of the postage he paid for documents that were never actually mailed.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

## Instructions to Amend Complaint

On October 2, 2009 Plaintiff was instructed on the law relative to access to courts claims and the requirement that he establish some "... actual injury stemming from the unconstitutional conduct..." He was ordered to amend his complaint "... to explain (a) what legal issue he was prevented from raising in state court and (b) what actual injury he suffered as a result of the defendants' action..." He was also directed to state whether his lawsuits in the Nineteenth Judicial District Court and Twelfth Judicial District Court were ever filed; he was directed to state the allegations raised in each suit and the ultimate outcome of each suit. [Doc. #7, pp. 5-6]

**First Amended Complaint**

On November 3, 2009 Plaintiff amended his complaint and alleged, that his petition in the Nineteenth Judicial District Court sought "... damages for educational material that plaintiff was suppose [sic] to receive for the vocational school that he completed, and prosecution of criminal charges for the embezzlement scam that is being conducted at Avoyelles Correctional Center." He claimed that the suit was never filed because the defendants intercepted it in the AVC Mail Room, and, upon discovering Plaintiff's allegations of fraud, the Defendants did not allow the pleading to be forwarded to the Clerk of the Nineteenth Judicial District Court for filing.

He also claimed that his "four count tort claim" filed in the Twelfth Judicial District Court complained, in count one, "... about the embezzlement scam and [sought] damages for educational material."

In Count Two, Plaintiff claimed that the Defendants "fabricated plaintiff's master prison records to show that plaintiff was convicted of armed robbery, and his parole violation was for crime of nature..." He claims that this fabrication will force plaintiff to enroll in a federally funded sex offender program and thus allow Defendants the opportunity to embezzle additional funds.

In the third count, Plaintiff alleged that the defendants

had, through force and threats, secured all AVC prisoners'
consent to censor all outgoing and incoming personal mail.

In the fourth and final count of the suit filed in the
Twelfth Judicial District Court, plaintiff maintained that the
Defendants continued to interfere with his ability to prosecute
the suit.

Plaintiff filed this suit because his efforts at filing the
original suit in the Nineteenth Judicial District Court had been
thwarted by the defendants. Plaintiff obtained the services of
another inmate to mail this suit and it was apparently filed
because on July 24, 2007 the Court mailed plaintiff a copy of the
summons showing that the defendants were served. However, AVC
Mail Room employees refused to accept the correspondence from the
Court and returned the letter to sender with the notation "Return
to Sender, Refused, Unable to Forward." Plaintiff then outlined
various motions he attempted to file and the efforts made by the
Defendants to deny him access to the Courts.

Plaintiff also claimed that his attempts to mail "a petition
to the director of civil service ... complaining about the
nepotism at [AVC]..." were also thwarted by Mail Room personnel
who intercepted the correspondence and refused to mail it.

He claimed that his efforts to mail "legal mail" (a motion
for assistance asking the Court to order the defendants to accept
and respond to prisoner grievances) to the Nineteenth Judicial

District on September 30, 2008 were also thwarted.

He concluded his amended complaint by requesting that the defendants be charged with various state and federal offenses. He also requested $20,000 plus the refund of all postage costs from the defendants. [Doc. #8]

## Second Order to Amend

On January 14, 2010 plaintiff was again ordered to amend, as follows:

> ... Plaintiff is ordered to submit a copy of the petition filed in the 19th JDC, a copy of the petition filed in the 12th JDC, and copies of the orders from the Court that he received – only those that Plaintiff has not already submitted – including any judgments dismissing the 19th JDC suit or the 12th JDC suit. [Doc. #9]

## Second Amended Complaint

On February 16, 2010 plaintiff filed another amended complaint and provided numerous exhibits. Again, plaintiff complained that the defendants denied him his right of access to the courts by thwarting or interfering with his efforts to file a suit for judicial review in the Nineteenth Judicial District Court and a "four count tort" suit in the Twelfth Judicial District Court. According to plaintiff, the former suit was never filed and the latter, though filed, remains pending. He also complained that the defendants interfered with his efforts to complain to the head of Louisiana Civil Service about nepotism at AVC.

Again, Plaintiff requested: (1) that the defendants be charged with malfeasance in office; (2) that the defendants be charged with violating 18 U.S.C. §1702 each time they tampered with plaintiff's mail; (3) that the defendants be charged with violating 18 U.S.C. §1509 each time they obstructed a court order; (4) damages in the amount of $20,000 for denying plaintiff his right of access to the courts, free speech and the right to be free from governmental interference with communication as a litigant; (5) that Governor Jindal be charged with malfeasance for allowing AVC's administration to violate ethics laws and to conduct an embezzlement scam for him; (6) that the defendants be charged under federal law each time they tamper with an legal mail; (7) that the defendants refund plaintiff the cost of the postage paid for mail that did not leave AVC; and, (8) that Plaintiff be refunded all costs incurred in this litigation. [Doc. #10]

## Law and Analysis

### 1. Screening

When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to

state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.A. §§ 1915 and 1915A; see also 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. Nietzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted).

A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995).

Plaintiff's complaint, his amended complaints, and the exhibits present the best case which could be presented by

7

plaintiff under the circumstances. The undersigned is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the undersigned concludes, for the reasons stated hereinafter, that plaintiff's complaint must be dismissed with prejudice as frivolous and for failing to state a claim for which relief may be granted.

## 2. *Criminal Charges*

Plaintiff wants the defendants prosecuted for violations of Louisiana law (malfeasance) and federal law (mail tampering, etc.). However, the decision whether to prosecute or file criminal charges against an individual lies solely within the prosecutor's discretion, and private citizens simply do not have a constitutional right to have an individual criminally prosecuted. See <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973)("... a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); <u>United States v. Batchelder</u>, 442 U.S. 114, 124 (1979)("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); see also <u>Oliver v. Collins</u>, 914 F.2d 56, 60 (5th

Cir. 1990)("Contrary to [plaintiff's] contention, he does not have a constitutional right to have someone criminally prosecuted.")

In short, to the extent that plaintiff seeks to have the defendants criminally charged and prosecuted, his complaint fails to state a claim for which relief may be granted and dismissal on that basis is recommended.

### 3. *Access to Courts*

Plaintiff also seeks monetary damages resulting from the defendants' alleged interference with his right of access to the Courts.

"It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." Jones v. Greninger, 188 F.3d 322, 325 (5th Cir.1999). See Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a

9

prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." Brewer v. Wilkinson, 3 F.3d at 821; Lewis v. Casey, 518 U.S. at 351, 116 S.Ct. at 2179-81; Norton v. Dimazana, 122 F.3d at 290; and Eason v. Thaler, 73 F.3d 1322, 1329 (5th Cir.1996). Finally, in order for plaintiff to state a claim that he was denied his constitutional right of access to the courts, he must "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir.1996) (per curiam) (citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. The Supreme Court, discussing the "actual injury" requirement held that: "The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355. The

10

Court further held that this right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.*

Plaintiff was specifically directed to amend his complaint to show how his position as a litigant was prejudiced. Notwithstanding this specific directive, he has failed to provide <u>any</u> <u>facts</u> identifying an <u>actual</u> <u>injury</u> attributable to any of the defendants. He offers nothing but conclusory statements to establish that his legal position as a litigant in <u>any</u> proceeding was <u>prejudiced</u> by the actions of the defendant.

Plaintiff alleged that the defendants intercepted his suit filed in the Nineteenth Judicial District Court and that consequently, he was unable to litigate his claims - that he was not provided educational materials and that AVC was using inmates to embezzle funds from the federal government - in that forum. However, plaintiff was able to file these identical claims in the Twelfth Judicial District Court and by his own admission, that suit remains pending in that jurisdiction. In other words, plaintiff has not shown that he sustained any actual injury resulting from the alleged interference with the

suit filed in the Nineteenth Judicial District Court.

Further, the right of access to the courts only encompasses the ability of inmates to file non-frivolous suits attacking either the legality of their confinement or the conditions of their confinement. Neither of the suits in question attack the legality or the conditions of Plaintiff's confinement. In addition, both of plaintiff's state court lawsuits are patently and manifestly frivolous. For example, in the suit he intended to file in the Nineteenth Judicial District Court, plaintiff prayed "... to receive monetary damages for the textbooks, curriculum books, toolboxes, steel toe boots, safety glasses that I did not receive for all three courses (collision repair, diesel technology, automotive technology) and any other grant funds that was left over after tuitions.[sic]" As with the current suit, he demanded that the defendants be "criminally charged with the crimes they are committing (theft, Malfeasance in Office, money laundering, Embezzlement, Fraud, and Forgery)." He wanted the DOC or AVC "... to pay the Federal Government back the portion of grant funds that was suppose to pay for the books ... toolboxes, steel toe boots, safety glasses for all of the students that has been enrolled in the school since Lynn Cooper became Warden ... because [AVC](Warden Lynn Cooper) has been keeping that portion of grant funds and placing them in a prison account for his own

use." Finally he wanted Louisiana Technical College "removed permanently off [AVC] property, because Warden Lynn Cooper is using Louisiana Technical College and state prison inmates to commit the crimes of theft, malfeasance in office, money laundering, embezzlement, fraud, and forgery." [Doc. #10-1, p. 20] None of these claims address either the legality of Plaintiff's conviction or the conditions of confinement at AVC.

In the suit he filed in the Twelfth Judicial District Court he likewise alleged that he and his fellow inmates, and not AVC and the Louisiana Technical College, were entitled to the Federal Grant Funds that were allegedly provided to the prison for the purpose of buying textbooks and equipment for use by prisoners enrolled in the Technical College.

He admitted to having been convicted of a sex crime, but claimed that his classification as a sex offender was improper and implied that it was a ruse on the part of the Department to obtain additional federal grant funds for sex-offender rehabilitation.  He further complained that the defendants were not entitled to inspect his in-coming and out-going personal mail, and argued that his permission for such inspection had been extorted from him. Finally, he complained that his litigation in the Nineteenth Judicial District Court had been

interfered with.            Again, none of these claims address the

legality of his confinement or the conditions of his confinement

and all of these claims are patently frivolous. First, plaintiff

cannot seriously contend that he should be the recipient of

funds provided to the Department by the Federal government for

prison education and training, or for the equipment, books, and

supplies purchased for that purpose and provided by the

Department for the use of the inmates. Second, his claim that he

should not be classified as a sex offender is equally frivolous,

in light of the fact that he, by his own admission, as

established by the Court records of the Twelfth Judicial

District Court which he submitted, [see Doc. #10-1, pp. 57-58,

Exhibit F, Court Minutes, State v. Leonard Every and Lawrence

Lumpkins, Docket No. 68,580, September 11, 1990], was previously

convicted of a sex crime. Third, prisons retain the right to

inspect in-coming and out-going personal mail. Jones v.

Diamoned, 594 F.2d 997, 1014 (5th Cir. 1979). Finally, as shown

above, the suit plaintiff sought to file in the Nineteenth

Judicial District was patently frivolous and therefore, even if

the Defendants thwarted his efforts to file the complaint,

plaintiff has not nor can he show injury or prejudice resulting

from their actions.

In his amended complaint, plaintiff complained that his complaint to the head of Louisiana's civil service was intercepted and thus his efforts to expose "nepotism" at AVC were thwarted. The complaint, entitled "Cases of Nepotism at Avoyelles Correctional Center" merely pointed to relationships between various staffers at the prison. It implied violations of the Louisiana Ethical Standards, presumably, those codified at La. R.S.42:1119 which prohibits nepotism. However, read carefully, the various relationships complained of by plaintiff [Doc. #8, Exhibit T, pp. 28-29] are not in violation of that statute.

Finally, it has been assumed, for the purposes of this Report, that Plaintiff's factual allegations concerning the defendants' interception of various items of legal mail are true. The foregoing analysis has centered on the fact that Plaintiff cannot prevail because, even if his factual claims are true, he has not shown that he was prevented from filing any non-frivolous claims concerning either the lawfulness or the conditions of his confinement, and, more importantly, he has not demonstrated any real injury or prejudice resulting from the alleged wrong-doing of the defendants. Nevertheless, it should be noted that Plaintiff's allegations concerning interference

15

with or interception of his legal mail, are conclusory at best.
Plaintiff claimed that the defendants intercepted his pleadings
and implied that their motive in doing so was to conceal their
nefarious misuse of federal funds. Those claims, as noted above,
have no basis in law or fact and are unsupported by any
evidence. It strains credulity to suggest that the defendants
would hinder the filing of these claims in the Louisiana courts
yet offer no interference whatsoever to the voluminous pleadings
filed in this litigation. Plaintiff has filed an original
complaint [Doc. #1], a Motion to Proceed In Forma Pauperis [Doc.
#2], a Motion for Injunction [Doc. #3], two Amended Complaints,
along with exhibits [Docs. #8 and #10], and a letter of inquiry.
[Doc. # 11] It does not appear that the AVC mail room has
inhibited or interfered in any way with the instant litigation.

Further, with respect to each individual defendant,
plaintiff has not alleged nor shown any personal fault or
culpability. He has not shown that any one of the defendants
interfered with his right of access.

In short, Plaintiff's access to court claims, insofar as
they seek money damages, should be dismissed as frivolous.
Therefore,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint

be **DISMISSED WITH PREJUDICE** as frivolous and for failing to

state a claim on which relief may be granted in accordance with

the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and

Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation

have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the

clerk of court. A party may respond to another party's

objections within fourteen (14) days after being served with a

copy thereof.

**Failure to file written objections to the proposed factual**

**finding and/or the proposed legal conclusions reflected in this**

**Report and Recommendation within fourteen (14)days following the**

**date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

**either the factual findings or the legal conclusions accepted by**

**the District Court, except upon grounds of plain error. See**

**Douglas v. United Services Automobile Association**, 79 F.3d 1415

(5ᵗʰ Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this

day of _____, 2010.

JAMES D. KIRK
United States Magistrate Judge

17