RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/13/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEONARD EVERY<br>D.O.C.#129353 | DOCKET NO. 09-cv-671; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| BOBBY JINDAL, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Back before the court is the *pro se* civil rights complaint of Plaintiff Leonard Every. Every is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DOC) and he is incarcerated at the Avoyelles Correctional Center (AVC) in Cottonport, Louisiana. He originally sued Louisiana Governor Bobby Jindal, DOC Secretary James LeBlanc, Warden Lynn Cooper, Colonel Blaine Villemarette (AVC's Mail Room Supervisor), Sgt. Scott Gauthier, and Sgt. Stacy Benjamin (Mail Room Employees).

Plaintiff's complaint was dismissed as frivolous and failing to state a claim for which relief could be granted. He appealed, and the Fifth Circuit affirmed in part, vacated in part, and remanded. The Court stated, "On remand, the district court should consider, in light of Brewer, whether Every has stated free speech claims concerning his state court litigation or his nonlegal mail. We note that the district court need not reach the merits of any claim against any defendant if dismissal is warranted on other grounds." [Doc. #22]

This matter has been referred back to the undersigned by the

district judge for further consideration. [Doc. #23]

### *Issue after Appeal*

The only issue before the Court now is Every's free speech claim concerning specific instances of mail censorship – three instances involving alleged censorship related to litigation in state court, and one instance of alleged censorship of a letter to a Louisiana civil service official. [Doc. #22]

In it's unpublished opinion in this matter, the Fifth Circuit summarized:

> Prisoners retain free speech rights consistent "with the legitimate penological objectives of the corrections system,"and restrictions on those rights cannot be greater than necessary to protect the correctional interests involved. *Brewer*, 3 F.3d at 821-22 (internal quotation marks, citations, and alterations omitted). Thus, the First Amendment protects a prisoner from mail censorship that is not "reasonably related to legitimate penological interests." *Thornburgh v. Abbott*, 490 U.S. 401, 409-12 (1989); *Turner v. Safley*, 482 U.S. 78, 89 (1987), see also *Brewer*, 3 F.3d at 823-25 & n.9. Prison officials may not censor clearly-marked legal mail. *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988). Censorship's effect on free speech "need not be great in order to be actionable." *Keenan v. Tejeda*, 290 F.3d 252, 259 (5th Cir. 2002); see *McNamara v. Moody*, 606 F.2d 621, 623, 625-27 (5th Cir. 1979) (upholding an award of nominal damages, attorneys' fees, and injunctive relief to a prisoner).

### 1.  *April 11, 2007*

One of the alleged free speech violations occurred on or about April 11, 2007. Plaintiff alleges that he paid to send certified legal mail to the 19th Judicial District Court, but that he never received his domestic return receipt. He claims that when he

inquired, the prison mail room responded to him: "They have up to 15 days to go to the P.O. to pick this up. If you still have not received it by next week let us know and I'll have the P.O. run a trace for you." [Doc. #1, p.23 & Doc. #10, p.4] Plaintiff alleges that, what really happened, is that Defendants Villemarette, Benjamin, and Gauthier opened and censored his legal mail by removing an ARP second-step response form from the envelope *in order to prevent the 19th JDC from accepting Plaintiff's petition.* He concludes that these three defendants opened his mail and then *"tried to make it seem as if the 19th JDC had sent the mail back to plaintiff by placing a fabricated form with the 19th JDC's letterhead on it requesting criminal information about plaintiff...."* [Doc. #10, p.4 & Exhibit at p.99] Plaintiff claims that the mail never left AVC.

### 2. *July 9, 2007*

Plaintiff claims that, after the incident of April 2007, he filed suit in the 12th Judicial District Court, but had to get another inmate to mail the petition for to avoid the mail being tampered with. [Doc. #10, p.8] On July 24, 2007, the 12th JDC mailed Plaintiff a copy of the summons showing that the defendants had been served. Plaintiff alleges that on July 25, 2007, *the defendants intentionally placed a mail refusal sticker on the envelope containing the summons* stating: RETURN TO SENDER, REFUSED, UNABLE TO FORWARD. Yet, Plaintiff submitted a copy of the envelope

3

to the court. [Doc. #1, p.30] Thus, he must have received the mail! If it had been returned to sender, Plaintiff would not have it to attach as an exhibit.

### 3. *March 10, 2008*

Plaintiff filed a motion for default judgment in the 12th JDC. He later learned that the attorney general had filed a motion to vacate service of process and enforce a stay. Although Plaintiff had been mailed a copy of the motion and ruling, he claims that he never received the mail. Thus, Plaintiff concludes that the defendants must have opened the mail and decided not to give it to Plaintiff. He claims that the defendants also refused to allow Plaintiff to receive a motion to proceed in forma pauperis.[1] However, Plaintiff submits a copy of a show cause order regarding a pauper application, so he must have received and submitted an application to proceed in forma pauperis. [Doc. #10, p.108] He also submits an order granting pauper status in a case. [Doc. #1, p.27]

On March 26, 2008, Plaintiff requested a list of court costs and expenses from the 12th JDC. He claims that the court mailed him a ledger, but he never received it. Thus he concludes that the defendants must have censored it. [Doc. #10, p.8]

---

[1]Plaintiff has clearly had no trouble sending or receiving pauper applications in this Court, or sending or receiving other pleadings such as the complaint, memorandum order to amend, amended complaint, second memorandum order to amend, second amended complaint, report and recommendations, objections to both reports and recommendations, judgments, notices of appeal, pauper applications on appeal, letters, etc.

### 4. *October 1, 2008*

Plaintiff alleges that he sent certified legal mail to the 19th JDC on September 30, 2008. On October 1, 2008, the defendants *sent Plaintiff the domestic return receipt in an attempt to make Plaintiff believe the mail had been processed by the postal service.* [Doc. #10, p.17] Plaintiff's family inquired with the clerk of court about the mail. The clerk's office said they had not received any legal mail. The receipt was signed by "Bryan Hasting," but Plaintiff claims were no employees by that name working in the clerk's office. Plaintiff concludes that *the defendants must have fabricated the name Bryan Hasting and forged it on the domestic return receipt before sending it back to Plaintiff in an effort to make it appear as though they had sent his mail, when they really did not.* [Doc. #10, p.17-18 & exhibit at Doc.#1, p.37]

### 5. *Letter to "director of civil service"*

Plaintiff alleges that on April 30, 2008, he attempted to mail a petition to the director of civil service to complain about the nepotism at AVC. Plaintiff paid to certify the mail. Again, Plaintiff claims that the defendants opened the mail and censored it, but never mailed it out of the institution. [Doc. #10, p.10] He claims that on May 7, 2008, *"the defendants sent the domestic return receipt (green card) back, and tried to make it seem as if the petition had been mailed out of the institution through the*

5

*U.S. Postal Service."* [Doc. #10, p.10] Plaintiff alleges that Defendants again forged the return receipt, this time with the name "Toni Augustus;" Plaintiff alleges that there is no such person employed "at civil service." [Doc. #10, p.10 & Exhibit at Doc. #1, p.33]

### *Law and Analysis*

**1. Conclusory Allegations**

Plaintiff has presented conclusory allegations of free speech violations through mail tampering. He alleges that Defendants Villemarette, Benjamin, and Gauthier removed an ARP response from Plaintiff's civil petition in the 19th JDC; he believes that the 19th JDC would not accept his petition without that piece of paper and that the defendants were aware of that "fact". Petitioner claims that the three defendants went so far as to create an official-looking but fraudulent replica of 19th JDC letterhead and forge a letter to Petitioner in an effort to *"make it seem as if the 19th JDC had sent the mail back to plaintiff."* [Doc. #10, p.4] He also makes allegations that the defendants forged certified mail return cards with names of individuals who are not even employed in the offices of the recipients. These allegations are conclusory, and they borderline on delusional.

In <u>Brewer v. Wilkinson</u>, 3 F.3d 816, 825-26 (5th Cir. 1993), the Fifth Circuit reversed summary judgment for the defendants because the plaintiff set forth a cognizable constitutional claim

6

for denial of free speech by alleging that prison officials arbitrarily opened an item of his outgoing legal mail and removed a "writ of mandamus," thereby preventing the document from arriving in the district court. However, in Damm v. Cooper, 288 Fed.Appx. 130, 132 (5th Cir. 2008), the court, citing Brewer at 825-26, noted that, "A prison official's interference with a prisoner's legal mail ... may violate the prisoner's First Amendment right to free speech-i.e., the right to be free from unjustified governmental interference with communication." Still, the Court found that "...Damm's conclusory statements and documents submitted by him showing that some of his mail was sent from the prison but was not received by the addressees do not establish a genuine issue as to whether the defendants actually interfered with Damm's outgoing mail." Id.

This case is much more like Damm than Brewer. In this case, Plaintiff himself presented evidence that his outgoing mail was, in fact, sent *and* received. Although he believes that the correspondence from the court and the "green cards" from his certified mail were either fabricated or forged, this bald assertion is conclusory and baseless at the very least.

2. **Prison Litigation Reform Act of 1995 ("PLRA")**

Even if Plaintiff presented non-conclusory allegations with regard to his "free speech" claim, the claim should still be dismissed. Plaintiff seeks compensatory damages for the denial of

his free speech right. However, Plaintiff's damages claim is barred by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(e). See Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993). The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This provision prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged. See Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005) (per curiam). Plaintiff has not alleged any physical injury, and his complaint seeks only compensatory damages. As such, Plaintiff's claim for damages for free speech violations is barred by §1997e(e). See Geiger 404 F.3d at 375 (applying §1997e(e) to bar prisoner's claim for damages brought under §1983 alleging a First Amendment violation).

3. **Injunctive Relief**

Petitioner also seeks criminal prosecution of the defendants who allegedly violated his right to free speech. There is no constitutional right to have a person criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys. This request

is frivolous.

Therefore,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association,** 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 10th day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE